UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAWYUAN YU,<br><br>    Plaintiff,<br><br>    v.<br><br>DR PEPPER SNAPPLE GROUP, INC., et al.,<br><br>    Defendants. | Case No.  18-cv-06664-BLF<br><br>**ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' REQUEST TO STAY ACTION**<br><br>[Re: ECF 23] |

On behalf of a putative class, Plaintiff Hawyuan Yu alleges that Defendants Dr Pepper Snapple Group, Inc. ("Dr. Pepper") and Mott's, LLP (collectively, "Defendants") mislead consumers by selling apple juice and applesauce products with the representation "Natural" and/or "All Natural Ingredients" that nonetheless contain trace amounts of a pesticide. Arising from this allegation, Plaintiff asserts five state law causes of action and that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Now before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and to stay the action "[i]f outright dismissal is not warranted." *See* Notice of Motion, ECF 23. The Court heard oral argument on Defendants' motion on June 13, 2019 ("the Hearing"). For the reasons stated on the record at the Hearing and as discussed below, Defendants' motion is GRANTED IN PART WITH LEAVE TO AMEND and DENIED IN PART, and Defendants' request to stay the action is GRANTED.

**I.   BACKGROUND**

Plaintiff is an individual consumer and "citizen of [the County] of Santa Clara, California." Compl. ¶ 27. Defendant Dr. Pepper is incorporated in Delaware with its principal place of business in Plano, Texas. *Id.* ¶ 31. Defendant Mott's is a subsidiary of Dr. Pepper and is

incorporated in Delaware with its principal place of business in Rye Brook, New York. *Id.* ¶ 32. Defendants sell several applesauce and apple juice products, including Mott's Natural Unsweetened Applesauce, Mott's Healthy Harvest Applesauce, Mott's Natural 100% Juice Apple Juice, and other varieties of "Mott's" brand applesauce and apple juice products that include the representation "Natural" and/or "All Natural Ingredients" on the product package or label. *See id.* ¶¶ 1, 5, 7. Defendants sell these products nationwide. *Id.* ¶¶ 10, 33.

On multiple occasions, Plaintiff purchased Mott's Natural Applesauce and Natural Apple Juice at stores in San Jose, California. Compl. ¶ 28. Plaintiff alleges that in deciding to make these purchases, Plaintiff saw, relied upon, and reasonably believed Defendants' representations that the products were "Natural" and made of "All Natural Ingredients." *Id.* ¶ 29. Plaintiff further alleges that he was "willing to pay more for Defendants' Products because he expected the Products to be free of insecticides and other unnatural chemicals." *Id.* ¶ 30.

However, according to the complaint, Defendants' applesauce and apple juice products contain acetamiprid, a "synthetic and unnatural chemical." *See* Compl. ¶¶ 10, 11. Acetamiprid is a synthetic insecticide used in treating and harvesting crops, including fruits and vegetables. *Id.* ¶¶ 12, 13. Acetamiprid is "legal" in connection with food products, insofar as its use is not precluded and certain amounts of residuals are permitted to remain on fruits and vegetables. *Id.* ¶ 13. Plaintiff's primary theory of liability is not that the acetamiprid present in Defendants' products exceeds the legal limit, but instead that "[r]easonable consumers who see Defendants' representations that the Products contain 'All Natural Ingredients' or are 'natural,' would not expect the Products to contain traces of a synthetic insecticide." *Id.* ¶¶ 14, 15.

Plaintiff proposes a nationwide class of consumers who purchased Defendants' products-in-question, as well as a California subclass. *See* Compl. ¶¶ 66–81. Plaintiff filed this action on November 1, 2018, asserting five causes of action:

(1) Unfair and Deceptive Acts and Practices under the California Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1785 (on behalf of the California subclass);

(2) Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.* (on behalf of the California subclass);

(3) Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* (on behalf of the California subclass);

(4) Breach of Express Warranty (on behalf of the nationwide class); and

(5) Unjust enrichment (on behalf of the nationwide class).

*See generally* Compl.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B.   Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a federal court has an independent obligation to insure that it has subject matter jurisdiction over a matter. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377. A facial jurisdictional challenge asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III.   REQUEST FOR JUDICIAL NOTICE

Defendants request judicial notice of the following: (1) copies of the Applesauce and Apple Juice Product labels depicted in Plaintiff's complaint; (2) a Compliance Policy Guide from

3

1   the FDA regarding Labeling of Food Bearing Residues of Pesticide Chemicals; and (3) a letter
2   from Dr. Scott Gottlieb, FDA Commissioner, to U.S. Representative David Valadao. *See*
3   Defendants' Request for Judicial Notice at 1, ECF 24.  The Court is unaware of any opposition to
4   Defendants' request for judicial notice.

5       The Court may take judicial notice of documents referenced in the complaint, as well as
6   matters in the public record.  *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001),
7   *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th
8   Cir. 2002).  In the context of food labels, courts regularly take judicial notice of product labels
9   when those product labels form the basis of the relevant causes of action.  *See, e.g.*, *Barnes v.*
10  *Campbell Soup Co.*, 2013 WL 5530017, at *3 (N.D. Cal. July 25, 2013) (taking judicial notice of
11  photocopies of Campbell's "100% Natural" soup labels).  In addition, the Court may
12  take judicial notice of matters that are either "generally known within the trial court's territorial
13  jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot
14  reasonably be questioned."  Fed. R. Evid. 201(b).  Public records, including judgments and other
15  court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d
16  1035, 1041 (9th Cir. 2007).  However, "[j]ust because the document itself is susceptible to judicial
17  notice does not mean that every assertion of fact within that document is judicially noticeable for
18  its truth."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

19      Here, Defendants' request for judicial notice of (1) the copies of the applesauce and apple
20  juice product labels is **GRANTED** because Plaintiff's complaint references and relies on these
21  labels.  *See* Compl. ¶ 1, 5–7; Sipos Decl. ¶ 2, ECF 24-1; *Barnes*, 2013 WL 5530017, at *3.  In
22  addition, Defendants' request for judicial notice of (2) the FDA policy guide and (3) the FDA
23  Commissioner's letter to Representative Valadao is **GRANTED** because these documents are
24  public documents.  *Lee*, 250 F.3d at 688–89.

25  **IV.    DISCUSSION**

26      Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil
27  Procedure 12(b)(1) and 12(b)(6).  *See* Notice of Motion, ECF 23.  Defendants also request to stay
28  this action if it is not dismissed with prejudice.  *See* Motion at 2, ECF 23.  Specifically,

4

Defendants set forth the following six issues to be decided:

    (1) whether Plaintiff's consumer protection claims should be dismissed because the terms "Natural" and "All Natural Ingredients" on the products-in-question do not cause a reasonable consumer to believe that the products are free of any trace pesticides;

    (2) whether Plaintiff's breach of warranty and unjust enrichment claims should be dismissed for failure to state a claim;

    (3) whether Plaintiff's claims are expressly preempted under federal law because there is no "requirement" under federal law to disclose trace pesticides on product labels;

    (4) whether the Court lacks subject matter jurisdiction under 21 U.S.C. § 346a(h)(5), which commits review of the Environmental Protection Agency's ("EPA") established tolerances for residual pesticides to the EPA and the U.S. Courts of Appeals;

    (5) whether Plaintiff's request for injunctive relief should be dismissed due to lack of Article III standing; and

    (6) whether the case should be stayed on primary jurisdiction grounds, in deference to the Food and Drug Administration's ("FDA") ongoing administrative proceedings to define the term "natural."

*See* Motion at 7. Plaintiff opposes as to all of the issues to be decided. *See* Opp'n at 3, ECF 32.

The Court addresses each issue in turn. As discussed below and at the Hearing, Defendants' motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND and DENIED IN PART, and Defendants' request to stay the action is GRANTED.

**A.  Reasonable Consumer**

Defendants argue that the product labels in question "are not misleading to a reasonable consumer" and that Plaintiff's theory of deception—"that a 'reasonable consumer' interprets the term 'natural' on a food label to mean that the product is 'free' [] of residual pesticides"—is "too implausible to meet the 'reasonable consumer' standard." *See* Motion at 8–9. Plaintiff responds that reasonable consumers understand the term "natural" to mean free of synthetic pesticides, and that in any event, what a reasonable consumer believes is a question of fact. *See* Opp'n at 4.

As discussed at the Hearing, the Court is concerned that Plaintiff's theory is not plausible.

In other words, Plaintiff has failed to sufficiently allege facts demonstrating how or why a reasonable consumer would be misled by the product labels in question. Under California law, to meet the "reasonable consumer" standard, a plaintiff must sufficiently allege "'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting and citing California case law). Plaintiff has failed to meet this standard—that a reasonable consumer would understand "natural" to have the definition attributed to it by Plaintiff. I.e., Plaintiff does not sufficiently allege facts showing how or why a reasonable consumer would understand "Natural" or "All Natural Ingredients" to mean the utter absence of residual pesticides, which Plaintiff admits are on the order of 0.02 and 0.06 parts per million acetamiprid, respectively, for the applesauce and apple juice products in question, *see* Compl. ¶ 39.

Plaintiff may amend as to the "reasonable consumer" theory. Accordingly, Defendants' motion to dismiss for failure to plausibly allege that a reasonable consumer would believe that the products-in-question are free of any trace pesticides is GRANTED WITH LEAVE TO AMEND.

### B. Breach of Warranty and Unjust Enrichment Claims

Defendants argue that Plaintiff's breach of warranty and unjust enrichment claims should be dismissed for failure to state a claim because they depend on "an unreasonable construction of the term allegedly breached ['Natural' or 'All Natural Ingredients']" or "depend on an implausible theory of deception." *See* Motion at 12. Defendants further argue that these two claims separately fail because "both of these causes of action [are brought] on behalf of a putative nationwide class but [do not] identify the applicable State law." *See id.* at 13.

For the reasons discussed with respect to Plaintiff's "reasonable consumer" theory, Defendants' motion to dismiss Plaintiff's breach of warranty and unjust enrichment claims is hereby GRANTED WITH LEAVE TO AMEND. Turning to Defendants' second argument for dismissal of these two claims, the Court finds that at this stage Plaintiff need not identify which states' laws would apply to out-of-state plaintiffs. Accordingly, Defendants' motion to dismiss the breach of warranty and unjust enrichment claims on this latter ground is DENIED.

### C. Preemption

Defendants next argue that Plaintiffs' claims are expressly preempted by federal law. *See* Motion at 13. The Nutrition Labeling and Education Act of 1990 ("NLEA") preempts "any requirement for the labeling of food . . . that is not identical to the [federal] requirement[s]." *See* 21 U.S.C. § 343-1(a)(2). Defendants contend that federal law "imposes no labeling requirement to disclose the presence of trace pesticides on foods like [Defendants'] Products" and therefore that Plaintiff's claims seek to impose a "requirement" for food labeling that is "not identical" to the federal requirements. *See* Motion at 13–14. Plaintiff counters that preemption does not apply here because "[i]t is the use of the term 'natural' that is at issue, not a hypothetical affirmative obligation to disclose acetamiprid." *See* Opp'n at 13.

As discussed at the Hearing, the Court agrees with Plaintiff. The complaint is not directed to a "labeling requirement" that would mandate the disclosure of acetamiprid, but instead to whether "[r]easonable consumers who see Defendants' representations that the Products contain 'All Natural Ingredients' or are 'natural,' would [] expect the Products to [not] contain traces of a synthetic insecticide." Compl. ¶¶ 14, 15. In other words, Plaintiff's theory of liability turns on what a reasonable consumer would understand "Natural" to mean in the context of residual pesticides present in the products. Thus, the federal food labeling requirements raised by Defendants do not preempt Plaintiff's claims. Accordingly, Defendants' motion to dismiss Plaintiff's claims as preempted by federal law is DENIED. However, Plaintiff is required to amend the complaint to specify that Plaintiff is not pleading that Defendants must label the products-in-question as containing trace amounts of pesticide, but instead that Defendants should remove the "Natural" representation on products that do contain such trace amounts or inform consumers what "Natural" actually means.

### D. Residual Tolerances set by the EPA

Defendants also contend that the Court lacks subject matter jurisdiction under 21 U.S.C. § 346a(h)(5), which commits review of the Environmental Protection Agency's ("EPA") established tolerances for residual pesticides to the EPA and the U.S. Courts of Appeals. *See* Motion at 16–17. Plaintiff counters that Defendants are "recasting [Plaintiff's] Complaint as an

7

attack on the established tolerances for acetamiprid" and that Plaintiff's theories of liability and recovery "will have no effect on the established tolerances for acetamiprid." *See* Opp'n at 16–17. For the reasons discussed with respect to preemption, the Court agrees with Plaintiff. The Court does not read Plaintiff's complaint to be "a challenge to the EPA's established tolerances for acetamiprid residue," as Defendants contend, *see* Motion at 16. Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

### E. Standing for Injunctive Relief

Next, Defendants argue that Plaintiff's request for injunctive relief should be dismissed due to lack of Article III standing because "Plaintiff does not plead any future intention whatsoever to buy [Defendants'] Products." *See* Motion at 17. Plaintiff counters that "[h]is injury in ongoing through his inability to trust the labels." *See* Opp'n at 17.

In cases involving allegedly misleading labeling, standing for injunctive relief requires some plausible allegation of the plaintiff's intent to buy the product at issue in the future. *See Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017), *as amended on denial of reh'g en banc*, 889 F.3d 956 (9th Cir. 2018). Here, Plaintiff has failed to sufficiently allege intent to purchase the products-in-question in the future. In other words, Plaintiff has not alleged that he would purchase the products-in-question if the representation "Natural" or "All Natural Ingredients" was removed. Accordingly, Defendants' motion to dismiss Plaintiff's request for injunctive relief for lack of standing is hereby GRANTED WITH LEAVE TO AMEND.

### F. Staying this action under the Primary Jurisdiction Doctrine

Lastly, Defendants argue that this action should be stayed "under the primary jurisdiction doctrine, which applies because of ongoing FDA regulatory proceedings to define the term 'natural' for food labeling." *See* Motion at 18. Plaintiff counters that "resolution of this case does not require the FDA's expertise" and that "[t]he FDA is unlikely to issue guidance on the term 'natural.'" *See* Opp'n at 19–20. For the reasons discussed below and at the Hearing, the Court finds that a stay of this action is warranted, but not one of indefinite length.

"The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of

an administrative agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). The doctrine does not require that the court lack jurisdiction, but rather it is a "prudential" doctrine, "under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* The determination of whether an action should be stayed pursuant to the primary jurisdiction doctrine is a matter for the Court's discretion. *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

In the context of food labeling, the Ninth Circuit has held that "[t]he delineation of the scope and permissible usage of the term[ ] 'natural' . . . in connection with food products implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Kane v. Chobani, LLC*, 645 Fed. App'x 593, 594 (9th Cir. 2016) (internal quotation and citation omitted). In *Kane*, the Ninth Circuit stayed the action "[g]iven the ongoing FDA proceedings regarding the terms 'natural' and 'evaporated cane juice.'" *Id.* Since that time, courts in this District have stayed cases involving the word "natural" based on similar reasoning. *See, e.g.*, *Rosillo v. Annie's Homegrown, Inc.*, 2017 WL 5256345, at *4 (N.D. Cal. Oct. 17, 2017) ("For the foregoing reasons, and after considering the relevant factors, the Court finds that it is appropriate to stay this action pursuant to the primary jurisdiction. Accordingly this action is STAYED until the FDA's regulatory process regarding use of the term 'natural' on food labeling is completed.").

The Court finds that a stay is warranted here under the relevant factors. FDA proceedings remain open and active regarding the term "natural." *See* 12/19/2018 FDA Commissioner Letter, Ex. C to Sipos Decl., ECF 24-1. The December 19, 2018 letter from the FDA Commissioner states that the "FDA recognizes this is an important matter for consumers and the food industry" and that the FDA is "actively working" on the issue and that in 2019, the "FDA plans to publicly communicate next steps regarding Agency policies related to 'natural.'" *See id.* Accordingly, the FDA's regulatory process may shape the contours of the word "natural" as applied to food labeling, an issue that permeates Plaintiff's complaint. However, the Court recognizes Plaintiff's

argument that guidance from the FDA may not be imminent, and therefore declines to impose an indefinite stay. Rather, the Court hereby STAYS this action for a limited amount of time, through the end of February 2020.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Plaintiff's complaint for failure to plausibly allege that a reasonable consumer would believe that the products-in-question are free of any trace pesticides is GRANTED WITH LEAVE TO AMEND.

2. Defendants' motion to dismiss Plaintiff's breach of warranty and unjust enrichment claims is GRANTED WITH LEAVE TO AMEND.

3. Defendants' motion to dismiss Plaintiff's claims as preempted by federal law is DENIED.

4. Defendants' motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction under 21 U.S.C. § 346a(h)(5) is DENIED.

5. Defendants' motion to dismiss Plaintiff's request for injunctive relief for lack of standing is GRANTED WITH LEAVE TO AMEND.

6. Defendants' request to stay this action is GRANTED, and this action shall be STAYED through the end of February 2020 without prejudice to a request to continue the stay.

7. Plaintiff's amended complaint is due no later than 30 days after the stay expires.

8. Leave to amend is granted only as to Plaintiff's existing claims; Plaintiff may not add claims or parties without leave of the Court.

9. All discovery disputes are referred to the assigned magistrate judge.

10. The case management conference scheduled for August 8, 2019, is hereby RESET to April 30, 2020. The joint case management statement shall be due April 23, 2020.

**IT IS SO ORDERED.**

Dated: June 18, 2019

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

10